

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District: Northern District of Oklahoma |
|---|---|

| Name (under which you were convicted): | Docket or Case No.: |
|---|---|
| JERRY Leon MaSon | 15-CV-167-GKF-TLW |

| Place of Confinement : | Prisoner No.: |
|---|---|
| Tulsa County | #124786 |

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| JeRRy Leon Mason v. | State of Oklahoma |

The Attorney General of the State of:

### AMENDED
### PETITION

**FILED**

APR 1 6 2015

Phil Lombardi, Clerk
U.S. DISTRICT COURT

1.   (a) Name and location of court that entered the judgment of conviction you are challenging:

in The district court in and for Tulsa County State of Oklahoma

  (b) Criminal docket or case number (if you know): CF-2012-4414

2.   (a) Date of the judgment of conviction (if you know):

  (b) Date of sentencing: on August 14, 2014

3.   Length of sentence: 25 years 18 suspended

4.   In this case, were you convicted on more than one count or of more than one crime? ☐ Yes ☐ No

5.   Identify all crimes of which you were convicted and sentenced in this case: Rape-1st Degree, Burglary-First Degree, Rape-1st Degree Rape-1st Degree

6.   (a) What was your plea? (Check one)

    ☑ (1) Not guilty    ☐ (3) Nolo contendere (no contest)

    ☐ (2) Guilty    ☐ (4) Insanity plea

___Mail  ___No Cert Svc  ___No Orig Sign

___C/J  ___C/M0  ___C/Ret'd  ___No Env

___No Cpys  ___No Env/Cpys  ___O/J  ___O/MJ

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _devendant put in a motion to withdraw plea, and to plead not guity to all counts_

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury ☑ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes ☑ No

8. Did you appeal from the judgment of conviction?

☑ Yes ☐ No

9. If you did appeal, answer the following:

(a) Name of court: _Tulsa County State of Oklahoma_

(b) Docket or case number (if you know): _CF-2012-4414_

(c) Result: _The Lower Courts Have Fail to mail Results_

(d) Date of result (if you know): _N/A_

(e) Citation to the case (if you know): _N/A_

(f) Grounds raised: _motion to withdraw his plea on behalf of present reprasention because devendant was not advised of his rights._

(g) Did you seek further review by a higher state court? ☑ Yes ☐ No

If yes, answer the following:

(1) Name of court: _northern district of oklahoma_

(2) Docket or case number (if you know): _Case No. 15-CV-167-G-W-TLW_

(3) Result: _N/A_

(4) Date of result (if you know): _N/A_

(5) Citation to the case (if you know): CF-2012-4414

(6) Grounds raised: petitioner is innercent of his crme not guity unther the court of law

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): N/A

(2) Result: N/A

(3) Date of result (if you know): N/A

(4) Citation to the case (if you know): N/A

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☐ Yes  ☑ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: N/A

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?  ☐ Yes  ☑ No

(7) Result: N/A

(8) Date of result (if you know): N/A

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: _____ N/A _____

    (2) Docket or case number (if you know): _____ N/A _____

    (3) Date of filing (if you know): _____ N/A _____

    (4) Nature of the proceeding: _____ N/A _____

    (5) Grounds raised: _____ N/A _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes    ☑ No

    (7) Result: _____ N/A _____

    (8) Date of result (if you know): _____ N/A _____

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: _____ N/A _____

    (2) Docket or case number (if you know): _____ N/A _____

    (3) Date of filing (if you know): _____ N/A _____

    (4) Nature of the proceeding: _____ N/A _____

    (5) Grounds raised: _____ N/A _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result: _____ N/A _____

(8) Date of result (if you know): _____ N/A _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☑ Yes    ☐ No

(2) Second petition:   ☐ Yes    ☑ No

(3) Third petition:   ☐ Yes    ☑ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____ N/A _____

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

GROUND ONE: innocent of the crime ineective assitance of counsel fourteenth amendment violation

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

potts vs. oklahoma dyendant has been in prison before and is not allowed to have a split sentence h.e 25 years in and 18 years out is and illegal sentence by law under the oklahoma statute

(b) If you did not exhaust your state remedies on Ground One, explain why: because defendant was not giving counsel to file these issue wish is a violation of his a Right to due process

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: _Lawyer Fail to Raise This issue which violate The Rights of The defendant_

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes     ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _N/A_

Name and location of the court where the motion or petition was filed: _N/A_

Docket or case number (if you know): _N/A_

Date of the court's decision: _N/A_

Result (attach a copy of the court's opinion or order, if available): _N/A_

(3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☑ No

(4) Did you appeal from the denial of your motion or petition?     ☐ Yes     ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☐ Yes     ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _N/A_

Docket or case number (if you know): _N/A_

Date of the court's decision: _N/A_

Result (attach a copy of the court's opinion or order, if available): _N/A_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _N/A_

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _in The United States_ _District court for The northern District_ _of oklahoma_

**GROUND TWO:** _as innocent of The crime_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_see order case No. 15-CV-167-GKF-TLW_
_need a Lawyer appiented to This case_
_because defendant is not cable of_
_fight his case because DOC does not_
_have a law library cable of helping_
_his with This issue_

(b) If you did not exhaust your state remedies on Ground Two, explain why: _N/A_

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: _N/A_

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _N/A_

Name and location of the court where the motion or petition was filed: _N/A_

Docket or case number (if you know): _N/A_

Date of the court's decision: _N/A_

Result (attach a copy of the court's opinion or order, if available): _Oder and opinion_
_attach To This Form_

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _N/A_

Docket or case number (if you know): _N/A_

Date of the court's decision: _N/A_

Result (attach a copy of the court's opinion or order, if available): _N/A_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _N/A_

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : _N/A_

**GROUND THREE:** _Fourteenth Sixth 8th amendment violation_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
_Case NO. 15-CV-167-C-WF-ThW_

(b) If you did not exhaust your state remedies on Ground Three, explain why: _N/A_

_____

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: _N/A_

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _N/A_

Name and location of the court where the motion or petition was filed: _N/A_

Docket or case number (if you know): _N/A_

Date of the court's decision: _N/A_

Result (attach a copy of the court's opinion or order, if available): _N/A_

_____

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _N/A_

Docket or case number (if you know): _N/A_

Date of the court's decision: _N/A_

Result (attach a copy of the court's opinion or order, if available): _N/A_

_____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_N/A_ _____

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:   _N/A_ _____

_____

**GROUND FOUR:**    _N/A_ _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_N/A_ _____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why:   _N/A_ _____

_____

_____

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:   _N/A_ _____

_____

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   _N/A_ _____

Name and location of the court where the motion or petition was filed: _N/A_

Docket or case number (if you know): _N/A_

Date of the court's decision: _N/A_

Result (attach a copy of the court's opinion or order, if available): _N/A_

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _N/A_

Docket or case number (if you know): _N/A_

Date of the court's decision: _N/A_

Result (attach a copy of the court's opinion or order, if available): _N/A_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _N/A_

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _N/A_

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☐ Yes ☑ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _N/A_

_____

_____

_____

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _N/A_

_____

_____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _N/A_

_____

_____

_____

_____

_____

_____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _N/A_

_____

_____

_____

_____

_____

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____ N/A _____

(b) At arraignment and plea: _____ N/A _____

(c) At trial: _____ N/A _____

(d) At sentencing: _____ N/A _____

(e) On appeal: _____ N/A _____

(f) In any post-conviction proceeding: _____ N/A _____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____ N/A _____

17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        ☐ Yes   ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:
_____ N/A _____

(b) Give the date the other sentence was imposed: _____ N/A _____

(c) Give the length of the other sentence: _____ N/A _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?        ☑ Yes   ☐ No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

_does not apply to defendant_

_____ N/A _____

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: _new TRial OR Release defendant from his illegal sentence_

or any other relief to which petitioner may be entitled.

_____N/A_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on ___4-13-15___ (month, date, year).

Executed (signed) on ___4-13-15___ (date).

_____[signature]_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____
_____
_____
_____

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| STATE OF OKLAHOMA, | ) | |
| | ) | |
| Plaintiff, Respondent, | ) | |
| | ) | |
| vs. | ) | Case No.　　CF-2012-4414 |
| | ) | Judge Gillert |
| JERRY LEON MASON, | ) | |
| | ) | |
| Defendant, Petitioner. | ) | |

## RESPONSE TO
## PETITIONER'S APPLICATION FOR POST-CONVICTION RELIEF

**COMES NOW** the State of Oklahoma, by and through its duly elected District Attorney, Tim Harris, and James Dunn, Assistant District Attorney, and hereby submits the State of Oklahoma's response to the Petitioner's "Application for Post-Conviction Relief."

### HISTORY OF PETITIONER'S CASE

Petitioner was charged by an information filed in the District Court on October 3, 2012 with the following offenses:

1) Rape-1st Degree

2) Burglary-First Degree

3) Rape-1st Degree

4) Rape-1st Degree

On May 13, 2014 the Petitioner was present, in open court, and represented by Brian Rayl with the Public Defender's Office. The Petitioner was sworn in open court, entered pleas on nolo contendere to counts one (1), two (2), and three (3) as filed as well as count four (4) which had been amended to the offense of forcible sodomy. The Petitioner waived his right to jury and non-jury trial. The Court accepts the Petitioner's pleas of guilty and found the defendant guilty in each count. The Court sentenced the Petitioner in each of count one (1), two (2), three (3), and (4) to twenty five years, with the first eighteen (18) years to be served in the Department of Corrections, and the last seven years to be suspended. Additionally, the Court imposed a $600.00 fine in count.

The court ordered each of the counts to run concurrent with the other. The Petitioner was advised of his appeal rights. On May 20, 2014 the Petitioner filed a "Motion to Withdraw Plea." On May 21, 2014 the Court signed an Order setting the Motion to Withdraw Plea for hearing on June 16, 2014. On June 11, 2014 the Court reset the hearing on the Petitioner's Motion to Withdraw Plea to June 12, 2014. On June 12, 2014, the Petitioner was present in open court and represented by Matthew Day and Isaiah Parsons. The Petitioner's case was called for hearing on his Motion to Withdraw Plea. A hearing was held where the defense presented the testimony of one witness, and the state presented the testimony of two witnesses. After parties rested, and hearing the argument of both parties, the court overruled the motion to withdraw plea. The Petitioner was advised of his appeal rights.

On June 25, 2014 the Petitioner filed an "Application for Determination of Indigence" and a "Designation of Record for Appeal From District Court." On July 11, 2014 the Petitioner was granted certificate of appeal number C-2014-576. On August 14, 2014 the Petitioner filed an "Application for Post-Conviction Relief" in the District Court. On October 2, 2014 the District Court filed an "Order Declining Jurisdiction" from the Oklahoma Court of Criminal Appeals.

## ARGUMENTS AND AUTHORITIES

In Petitioner's "Application for Post-Conviction Relief" the Petitioner states that while his "…notice of intent to appeal was filed outside of the ten days that Rule 4.2 of the Rules of the Court of Criminal Appeals requires…" this was due to Petitioner's inability to make the decision to appeal "…in the requisite short amount of time." Petitioner further argues he was "…not given adequate time to determine whether to appeal…" and was unable to "…make up (his) mind…"

The State would argue that Petitioner Petitioner's indecision over whether to appeal from the Court's denial of his Motion to Withdraw Plea does not constitute a unique circumstance such as to warrant the granting of an appeal out of time. The Petitioner was aware of the time period within which he was required to commence an appeal. Since there are no facts to show that the Petitioner was denied an appeal through no fault of his own, the Court should deny the Petitioner's request for relief.

Respectfully submitted,

**TIM HARRIS**
**DISTRICT ATTORNEY**

By: _____
James D. Dunn, OBA# 16829
Assistant District Attorney
900 Tulsa County Courthouse
500 South Denver
Tulsa, Oklahoma 74103-3832
(918) 596-4878

## CERTIFICATE OF MAILING

I certify that on the _____8th_____ day of _____October_____, 2014, a true and correct copy of the above and foregoing Response was placed in the United States Mail with sufficient postage affixed thereto, addressed to:

Jerry L. Mason, #124786
Oklahoma State Reformatory
P.O. Box 514
Granite, OK 73547


Isaiah Parsons, Esq.
Matthew Day, Esq.
525 South Main Street, Suite 312
Tulsa, OK 74103
*Counsel for Petitioner*

JAMES D. DUNN
ASSISTANT DISTRICT ATTORNEY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JERRY LEON MASON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 15-CV-167-GKF-TLW |
| | ) | |
| STATE OF OKLAHOMA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

On April 6, 2015, Petitioner, a state inmate appearing pro se, filed a handwritten document

titled "Proportion [sic] of Error" (Dkt. # 1). The document is captioned "United States District

Court of the Northern District of Oklahoma" and bears the case number "CF-2012-4414 Judge

Gillert." Id. Petitioner did not sign the document. Based on representations in the document, the

Clerk of Court opened this 28 U.S.C. § 2254 habeas corpus action. Before this action may proceed,

Petitioner shall be required to cure the filing fee deficiency and file an amended petition for writ of

habeas corpus using the court-approved form.

**A. Filing fee**

To commence a habeas corpus action in this Court, a petitioner is required to submit a $5.00

filing fee. 28 U.S.C. § 1914. Should the petitioner lack sufficient funds to pay the filing fee, he may

file a motion to proceed in forma pauperis, supported by a "Statement of Institutional Accounts"

completed and signed by an authorized prison official. In the instant case, Petitioner has neither paid

the $5.00 filing fee nor submitted a motion to proceed in forma pauperis. Therefore, within thirty

(30) days of the entry of this Order, Petitioner must either (a) pay the $5.00 filing fee or file a motion

to proceed in forma pauperis, or (b) show cause in writing for his failure to cure the filing fee deficiency.

**B. Petitioner shall file an amended petition**

Pursuant to the Court's Local Rules, a habeas corpus petitioner is required to prepare his petition using the court-approved form. See LCvR 9.2(A). The document filed by Petitioner in this case is not on the court-approved form. Therefore, before this action may proceed, Petitioner shall be required to file an amended petition prepared on the court-approved form. In his amended petition, Petitioner shall identify the conviction(s) he is challenging and set forth each claim demonstrating that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Petitioner shall sign the amended petition. Fed. R. Civ. P. 11(a).

Furthermore, Petitioner must present each constitutional claim in compliance with the requirements specified in § 2254(b) and § 2244(d). Pursuant to § 2254(b), habeas corpus relief may not be granted unless the petitioner has first provided the state courts with the opportunity to correct the alleged constitutional error(s). See 28 U.S.C. § 2254(b). The exhaustion requirement of § 2254(b) is satisfied if Petitioner has fairly presented each of his federal claims to Oklahoma's highest court for criminal matters, the Oklahoma Court of Criminal Appeals, or if circumstances exist that render state procedures ineffective to protect Petitioner's rights. In addition, § 2244(d) establishes a one-year limitations period for filing federal habeas petitions. In general, a petitioner seeking habeas corpus relief from a state conviction must file his federal habeas corpus petition within one (1) year of the date his conviction became final. See 28 U.S.C. § 2244(d)(1)(A).

**ACCORDINGLY IT IS HEREBY ORDERED that:**

2

1.    Within thirty (30) days of the entry of this Order, or by **May 7, 2015**, Petitioner shall either (a) pay the $5.00 filing fee or file a motion to proceed in forma pauperis, or (b) show cause in writing for his failure to cure the filing fee deficiency.

2.    By the above-referenced deadline, Petitioner shall file an amended petition prepared on the court-approved form.

3.    The Clerk of Court is directed to send Petitioner a blank habeas corpus petition (form AO-241), marked "amended," and a blank motion to proceed in forma pauperis (form AO-240), and identify both forms as Case No. 15-CV-167-GKF-TLW.

**Failure to comply with this Order may result in the dismissal of this action without prejudice and without further notice.**

DATED this 7th day of April, 2015.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

CLERK, UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA
333 WEST FOURTH STREET, ROOM 411
TULSA, OKLAHOMA 74103-3819

OFFICIAL BUSINESS



TULSA OK 741

08 APR 2015 PM 5

049J82952388
$00.480
04/08/2015
Mailed From 74103
US POSTAGE

D-2-18

73547$0514

**TIM HARRIS**
DISTRICT ATTORNEY - DISTRICT 14
TULSA COUNTY COURTHOUSE
500 S. DENVER AVE., SUITE 900
TULSA, OKLAHOMA 74103-3832

**JAMES DUNN**
**ASSISTANT DISTRICT ATTORNEY**

TULSA OK 74ᵉopost
10/08/2014
08 OCT 2014 PM 5·1 US POSTAGE $000.48

ZIP 74127
041L12203728

**JERRY L. MASON, #124786**
**OKLAHOMA STATE REFORMATORY**
**P.O. BOX 514**
**GRANITE, OK 73547**

73547$0514

Jerry Leon Mason #124786    15-CV-167-GKF-TLW

Unit-D2 Cell-F8

Oklahoma State Reformatory

P.O. Box 514

Granite, OK 73547

Post Marked 4-14-15 ga

RECEIVED

APR 16 2015

Phil Lombardi, Clerk
U.S. DISTRICT COURT

Clerk of Court

United States District

Court 333 West Fourth

Street, Room 411

Tulsa OK 74103

LEGAL MAIL