## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JERRY LEON MASON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 15-CV-167-GKF-TLW |
| | ) | |
| TRACY MCCOLLUM, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## RESPONSE TO AMENDED PETITION FOR WRIT OF HABEAS CORPUS

The Attorney General of the State of Oklahoma, E. Scott Pruitt, appearing on behalf of the above-named Respondent, in response to the Amended Petition for Writ of Habeas Corpus on file herein shows the Court as follows:

1.      Petitioner, Jerry Leon Mason, an inmate in the custody of the Oklahoma Department of Corrections, appearing without counsel, has filed with this Court an amended petition seeking federal habeas corpus relief.

2.      Petitioner entered a plea of no-contest to First Degree Burglary, two counts of First Degree Rape by Force and Fear, and Forcible Sodomy in the District Court of Tulsa County, Case No. CF-2012-4414 (Exhibit 1- Plea of Guilty Summary of Facts). Petitioner moved to withdraw his plea, a hearing was held, and the request was denied (Exhibit 2- Docket Sheet). Petitioner through counsel appealed the denial of the motion to withdraw plea to the Oklahoma Court of Criminal Appeals, Case No. C-14-576. Petitioner's appellate counsel moved to dismiss the appeal for lack of jurisdiction (Exhibit 3- Motion to Dismiss Appeal for Lack of Jurisdiction). The Court of Criminal Appeals issued an order and dismissed the appeal (Exhibit 4- Order Dismissing Appeal). Petitioner sought an appeal out of time through an application for post-conviction relief (Exhibit 5-

Application For Post-Conviction Relief).  The district court denied the request for an appeal out of

time (Exhibit 6- Order Recommending Petitioner Be Denied An Appeal Out Of Time).  Petitioner

did not appeal that denial of relief to the Oklahoma Court of Criminal Appeals.

     3.     The issues raised are timely and procedurally barred.

     4.     As Petitioner's propositions are procedurally barred, they were not adjudicated on the

merits by the state court however, no evidentiary hearing is required as Petitioner has failed to show

that a factual basis for the claims was not made in the state court, that the claims rely on a new rule

of constitutional law made retroactive by the Supreme Court of the United States or a factual

predicate could not have been discovered in the district court, and that the facts underlying the claim

would be sufficient to establish by clear and convincing evidence that but for constitutional error,

no reasonable fact finder would have found the applicant guilty of the underlying offense.  28 U.S.C.

§ 2254(e)(2).

     5.     Respondent has attached the relevant documents necessary for an adjudication of this

matter as exhibits.  There are no relevant transcripts in this case.  There was a court reporter present

for the no-contest plea and a court reporter present for the motion to withdraw plea hearing but they

have not been transcribed.

### PROPOSITION I

**PETITIONER'S CHALLENGES TO HIS CONVICTION ARE PROCEDURALLY BARRED AS PETITIONER FAILED TO TIMELY APPEAL HIS CONVICTION UNDER OKLAHOMA LAW.**

Petitioner has filed an amended petition for writ of habeas corpus seeking to challenge his

judgment and sentence out of the District Court of Tulsa County in Case No. CF-12-4414.

Petitioner's issues are difficult to decipher but he appears to raise three issues.  Petitioner claims he is innocent of the crime because he was given a split sentence and he was not entitled to the split sentence under the law and mentions ineffective assistance of counsel.  Petitioner's second proposition claims he is innocent and wants a lawyer because he has no law library capable of helping him with the issue.  Petitioner's third proposition claims there is a sixth, eighth and fourteenth amendment violation.  Petitioner fails to give supporting facts to clarify his propositions.

Petitioner entered a no-contest plea to all of his counts and was sentenced on May 13, 2014 (Exhibit 1).  Petitioner filed a Motion to Withdraw Plea on May 20, 2014, which was denied on June 12, 2014 (Exhibit 2).  Petitioner filed a Notice of Intent to Appeal on June 25, 2014 (Exhibit 2). Petitioner's counsel on appeal sought to dismiss the appeal because the notice of intent to appeal was not timely filed (Exhibit 3).  The Oklahoma Court of Criminal Appeals entered an Order Dismissing Appeal because the notice of intent was not timely filed on September 29, 2014 (Exhibit 4). Petitioner filed an Application for Post-Conviction Relief seeking an appeal out of time on August 14, 2014 (Exhibit 5).  The district court denied the application and issued an Order Recommending Petitioner be Denied an Appeal Out of Time on October 20, 2014 (Exhibit 6).

The Oklahoma Court of Criminal Appeals procedurally barred Petitioner's claims because he failed to follow proper state procedure to have the claims heard in State court.  Petitioner attempted to appeal the denial of his motion to withdraw his plea of no-contest. However, Petitioner filed his notice of intent to appeal untimely and divested the appellate court of jurisdiction to consider the appeal.  The Oklahoma Court of Criminal Appeals declined jurisdiction and dismissed the appeal.  The Oklahoma Court of Criminal Appeals dismissed Petitioner's appeal because he failed to comply with Rule 2.5(A), *Rules of the Court of Criminal Appeals*.  Title 22, Ch. 18, App.

(2014).  Oklahoma Court of Criminal Appeals Rule 2.5(A), provides that a party desiring to appeal

from a judgment and sentence must file his notice of intent to appeal within ten days.  Respondent

recognizes that the Court of Criminal Appeals may have inadvertently cited to the incorrect

procedural rule as Petitioner was attempting to appeal from a denial of a motion to withdraw plea

of guilty and the appeal procedure in this instance is set forth in Rule 4.2(D), *Rules of the Court of

Criminal Appeals,* Title 22, Ch. 18, App. (2014).   Regardless, the rules are identical in that the

requirement of a timely notice of intent to appeal is jurisdictional and failure to comply with the rule

constitutes a waiver of the right to appeal. *See* Rule 4.2(D) ("The filing of the Notice of Intent to

Appeal and Designation of Record in the district court is jurisdictional and failure to timely file

constitutes waiver of the right to appeal.").   This jurisdictional prerequisite is identical under Rule

2.5(A) and Rule 4.2(D).  Petitioner failed to follow proper state procedure to have his appeal heard

by the highest state court.

The Oklahoma Court of Criminal Appeals squarely rested their decision on a bar to the claim

of Petitioner. *Cone v. Bell*, 556 U.S. 449, 465 (2009).  The State court finding of procedural default

is independent as it is separate and distinct from federal law.  *Maes v. Thomas*, 46 F.3d 979, 985 (10th

Cir. 1995).   Under federal law, in order to apply a procedural bar, the bar must be evenhandedly

applied or consistently applied by the state court.  *Cone*, 556 U.S. at 465.   Oklahoma's refusal to

hear an appeal because of its untimeliness in failing to file the notice of intent to appeal is firmly

rooted and evenhandedly applied by the state court.

4

In *Routt v. Hines*, Case No. 02-5052, 48 Fed. Appx. 313, 315 (10th Cir. Oct. 8, 2002)

(unpublished)[1], the Tenth Circuit recognized Oklahoma's consistency in applying its jurisdictional

rule of the filing of a timely notice of intent to appeal:

> The Oklahoma Court of Criminal Appeals has repeatedly held
> that the statutory rules setting time limits for filing an appeal are
> absolute and neither the OCCA nor the trial courts have the authority
> to extend them. *See Weatherford v. State*, 13 P.3d 987, 989 n. 1
> (Okla. Crim. App. 2000) (stating, in reference to appellate time
> periods set by statute, that "[i]t is beyond this Court's power to
> change-either by court rule or otherwise-the minimum statutory
> prerequisites for bringing an appeal"); *Turner v. State*, 541 P.2d 1355,
> 1356 (Okla. Crim. App. 1975) ("The time and manner of taking [an]
> appeal . . . is regulated by statute. . . . The time provided by the statute
> is absolute, provided it is reasonable and just, and neither this Court
> nor the trial court has the authority to extend it."); *Jordan v. State*,
> 430 P.2d 824, 825 (Okla. Crim. App. 1967) (calling a trial court's
> order extending time to file an appeal beyond that specified by statute
> a "nullity" and dismissing the appeal as untimely filed).

*See also Roberts v. Taylor*, Case No. CIV-10-280, 2013 WL 5236614, *3 (E.D. Okla. Sept. 17,

2013) (unpublished)[2] (recognizing that Rule 2.5(A), Rules of the Court of Criminal Appeals is

jurisdictional and failure to timely file a Notice of Intent to Appeal constitutes a waiver of the right

to appeal under Oklahoma law); *Klien v. Jones*, Case No. CIV-12-1064, 2012 WL 6962975,*4

(W.D. Okla. Dec. 27, 2012) (unpublished)[3] (same).  Therefore, the state court's reliance on its

---

[1]Unpublished decision cited for persuasive value only, pursuant to Fed. R. App. P. 32.1 and 10th Cir. R. 32.1(A).

[2]Unpublished decision cited for persuasive value only, pursuant to Fed. R. App. P. 32.1 and 10th Cir. R. 32.1(A).

[3]Unpublished decision cited for persuasive value only, pursuant to Fed. R. App. P. 32.1 and 10th Cir. R. 32.1(A).

5

statutory procedural default rule in refusing to accept Petitioner's appeal of his no-contest plea is an independent and adequate state ground for its decision.

Furthermore, a petitioner who raises an issue that was not asserted in the state court must ordinarily show cause and prejudice for the default in federal court, where the state court has refused to review the merits of the issue on the basis of its established procedural rules. In *Coleman v. Thompson*, 501 U.S. 722 (1991), the Supreme Court stated:

> We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Id*. at 750.

Based upon Oklahoma's consistent application of a procedural bar when the court does not have jurisdiction, the application of a procedural bar by the state court should be respected by this Court. *See Banks v. Workman*, 692 F.3d 1133, 1144 (10th Cir. 2012) (when a state court dismisses a federal claim on the basis of noncompliance with adequate and independent state procedural rules, federal courts ordinarily consider such claims procedurally barred and refuse to consider them).

Petitioner asserts no reason for his failure to comply with proper state procedure which thereby divested the highest state court of jurisdiction to accept the appeal. Petitioner, through counsel, sought a post-conviction appeal out of time through an Application for Post-Conviction Relief (Exhibit 4). The request was denied by the district court however, Petitioner again failed to appeal that denial to the Oklahoma Court of Criminal Appeals. If Petitioner sought to appeal that denial now, to exhaust his cause, the request would be dismissed as Petitioner failed to comply with

proper state procedure and timely appeal that denial. Oklahoma Court of Criminal Appeals Rule 5.2(C)(2), provides that a party desiring to appeal from a denial of post-conviction relief must file a petition in error and supporting brief with a copy of the order denying relief within thirty days from the date of the final order from the district court. Rule 5.2(C)(2), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (2014). If Petitioner were to return to State court the appeal of the denial of post-conviction relief would be procedurally barred. *See Duvall v. State*, 869 P.2d 332, 333 (Okla. Crim. App. 1994) (wherein the court lists cases where failure to follow provisions of Rule 5 results in the loss of jurisdiction and the appeal). The Tenth Circuit has recognized that this procedural bar is "adequate". *Johnson v. Champion*, 288 F.3d 1215, 1226 (10th Cir. 2002) (finding the bar under 5.2(C) is adequate); *Duvall v. Reynolds*, 139 F.3d 768, 797 (10th Cir. 1998) (same); *Webster v. Attorney General*, Case No. 06-6207, 213 Fed. Appx. 664, 668 (10th Cir. Jan. 12, 2007) (unpublished)[4] (same). Petitioner's attempt to establish cause for why he did not timely appeal his denial of a motion to withdraw is subject to an anticipatory bar as any appeal of his denial of post-conviction relief would be untimely and dismissed on jurisdictional grounds. *See Edwards v. Carpenter,* 529 U.S. 446, 453 (2000) (a claim that is offered as cause to excuse the procedural default of another claim can itself be procedurally defaulted); *Cummings v. Sirmons*, 506 F.3d 1211, 1222-1223 (10th Cir. 2007) (Although the claim is technically unexhausted, it is beyond dispute that, were Cummings to attempt to now present the claim to the Oklahoma state courts . . . it would be deemed procedurally barred).

---

[4]Unpublished decision cited for persuasive value only, pursuant to Fed. R. App. P. 32.1 and 10th Cir. R. 32.1(A).

Furthermore, Petitioner has failed to show that the application of a procedural bar will result

in a fundamental miscarriage of justice.  In *Coleman*, the Supreme Court stated that a "fundamental

miscarriage of justice" requires proof of "actual innocence."  *Coleman*, 501 U.S. at 748.  The Tenth

Circuit holds:

> Cases involving a fundamental miscarriage of justice "are
> extraordinary instances when a constitutional violation probably has
> caused the conviction of one innocent of the crime."  *McClesky v.
> Zant*, 111 S. Ct. at 1470, 1475; *Murray v. Carrier*, 477 U.S. at 496,
> 106 S. Ct. at 2649-50.

*Gilbert v. Scott*, 941 F.2d 1065, 1068 n.2  (10th Cir. 1991).

To demonstrate a fundamental miscarriage of justice, a criminal defendant must make a

showing of factual innocence, not legal innocence.  *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir.

2000).  "The exception is intended for those rare situations 'where the State has convicted the wrong

person of the crime. . . . [Or where] it is evident that the law has made a mistake.'"  *Klein v.  Neal*,

45 F.3d 1395, 1400 (10th Cir. 1995).  However, as the Supreme Court has made clear, the threshold

for showing actual innocence is "extraordinarily high."  *Herrera v. Collins*, 506 U.S. 390, 392

(1993); *see also Frost v. Pryor*, 749 F.3d 1212, 1231, 1232 (10th Cir. 2014) (the standard to establish

actual innocence is "demanding and permits review only in the extraordinary cases.").  "To establish

a credible claim of actual innocence, a petitioner must support his claim with "new reliable evidence-

whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical

evidence-that was not presented at trial."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  [I]n the vast

majority of cases, claims of actual innocence are rarely successful."  *Id.*  Without "new reliable

evidence", Petitioner cannot make a claim of actual innocence to achieve equitable tolling.  *Schlup*,

513 U.S. at 322.  Petitioner provides this Court with no new evidence or any evidence to support his general statement that he is claiming actual innocence.

The highest state court, the Oklahoma Court of Criminal Appeals, decision should stand and Petitioner is procedurally barred from challenging his conviction.  Petitioner's request for habeas corpus relief must be denied.

Respectfully submitted,

**E. SCOTT PRUITT**
**ATTORNEY GENERAL OF OKLAHOMA**

**s/DIANE L. SLAYTON**
**DIANE L. SLAYTON, OBA#11829**
**ASSISTANT ATTORNEY GENERAL**
313 NE 21st Street
Oklahoma City, OK  73105
(405) 521-3921, Fax (405) 522-4534

**ATTORNEYS FOR RESPONDENT**
Service email: fhc.docket@oag.ok.gov

## CERTIFICATE OF SERVICE

**X**      I hereby certify that on June 26, 2015, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.

**X**      I hereby certify that on June 26, 2015, I served the attached document by mail on the following, who is not a registered participant of the ECF System:

Jerry Leon Mason, #124786
OSR
PO Box 514
Granite, OK  73547


s/  DIANE L. SLAYTON

9