**STATEMENT OF THE CASE**

Reciept # 66874 01/28/2016

Appeal: PC-2016-679

Jerry Leon
mason
124786
160 S.E.
main st.
Sayre, OK

73660

Jerry L. Mason

VS.

State of Oklahoma

FILED
NOV 0 9 2016
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

Northern District of
Oklahoma united District court
of Oklahoma

Jerry mason

11-4-16

Mail ___ No Cert Svc ___ No Orig Sign
___ C/J ___ C/MJ ___ C/Ret'd ___ No Env
___ No Cpys ___ No Env/Cpys ___ O/J ___ O/MJ

**IT IS SO ORDERED.**

**WITNESS MY HAND AND THE SEAL OF THIS COURT** this _____26ᵗʰ_____ day of October, 2016.

_Clancy Smith_
**CLANCY SMITH, Presiding Judge**

ATTEST:

_Michael Richie_
~~Clerk~~

supplemental in accordance with Rules 2.1 (E)(4) et seq., Rules of The Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. pursuant to Rule 3.15,

IN THE SUPREME COURT OF OKLAHOMA
STATE OF OKLAHOMA

PC 2016 6791

JERRY LEON MASON,          ) CASE No. CF-2012-4414
        PETITIONER,         ) JUDGE WILLIAM D. LaFORTUNE
V.                          )
STATE OF OKLAHOMA           )
        RESPONDENT          )

FILED
IN COURT OF CRIMINAL APPEALS
STATE OF OKLAHOMA

JUL 28 2016

MICHAEL S. RICHIE
CLERK

DEFENDANT RESPECTFULLY REQUEST THIS HONORABLE COURT TO GRANT RELIEF MASON V. STATE NO. C-2014-576 (OKL. CR. SEPT. 29, 2014), ON AUGUST 14, 2014 APPEAL OUT OF TIME MASON V. McCOLLUM, NO. 15-CV-167-GKF-TLW (N.D. OKLA). AND THIS COURT HAS JURISDICTION TO ADJUDICATE PETITIONER'S CLAIMS. 22 O.S. 2011. §1081.

<u>PETITION AND ERROR</u>

THIS IS A SWORN AFFIRMATIVE AS TRUE AND CORRECT." 22 SIGNED UNDER PENALTY OF PERJURY AS SPECIFIED UNDER 12 O.S. SUPP. 2004, § 426. RULE 1.13 (L) RULES OF THE OKLAHOMA COURT OF CRIMINAL APPEALS, TITLE, 22, CH. 18, APP. (2016).

                                        RESPECTFULLY SUBMITTED

SUPREME COURT OF OKLAHOMA
JUDICIAL CENTER 2100. N. LINCOLN
BLVD, STE. 4 OKLAHOMA CITY OKLAHOMA
                    73105-4907          BY: Jerry Mason

RECEIVED

JUL 21 2016

CLERK'S OFFICE



The Supreme Court of
Oklahoma City Oklahoma

JERRY Leon Mason,
    petitioner,

V.

State of Oklahoma,
    Respondent.

) Case No. CF-2012-4414
) Judge William D.
)        LaFortune
)
)
)

---

notice of intent, to appeal Dismiss
of state Motion in The District
Court in and for Tulsa County state
of Oklahoma.

---

Jerry MASON

Tulsa County Courthouse
600 S. Denver ave., Suite
900 Tulsa, Oklahoma
      74103-3832

# Tulsa judge rules Jameson misinformed about appeal

## Ruling opens the chance for an 'out of time' appeal of conviction

**By Arianna Pickard**
Tulsa World

A Tulsa County judge on Tuesday found that a man was misinformed about his appeal rights when he was sentenced to 24 years in prison for causing a car crash that killed three people in 2009.

District Judge James Caputo's ruling allows the defense to ask the Okla-



**Jameson**

homa Court of Criminal Appeals to determine whether 26-year-old Steven Wade Jameson can seek an "out of time" appeal of his manslaughter conviction.

If the appellate court rules in Jameson's favor, defense attorneys Clark Brewster and Katie Arnold say they will file a motion asking a Tulsa County judge to allow

» See Jameson, page A13

# *Jameson: Judge rules defendant was misinformed earlier in case*

» From page A11

Jameson to withdraw the blind guilty plea that resulted in his prison sentence five years ago.

Jameson pleaded guilty in 2011 to three counts of first-degree manslaughter for causing a car crash that killed Michael Mulanax, 42; Angela Mulanax, 41; and their son, James Mulanax, 18.

Jameson was driving a 2004 Hummer H2 sport utility vehicle east on Oklahoma 51 in Sand Springs on Dec. 24, 2009, when he crashed into the Mulanaxes' westbound Chevrolet Cobalt.

Jameson's "out of time" appeal is another avenue for relief that he is taking after the Oklahoma Court of Criminal Appeals in June reversed Caputo's ruling granting an application for post-conviction relief.

Among the arguments in Jameson's application, he contended that he should have been prosecuted under a different statute regarding causing a fatal crash while driving without a valid license. That charge carries a maximum punishment of five years in prison, whereas a manslaughter conviction holds a sentencing range of up to life in prison.

Caputo's ruling in January vacated Jameson's conviction and sentence, allowing him to be released from custody pending an appeal from District Attorney Steve Kunzweiler.

Kunzweiler argued that legal time limits in the appeal process bar Jameson from now raising certain issues about his conviction and sentence.

The appellate court ruled in Kunzweiler's favor, voiding Caputo's ruling and resulting in Jameson returning to custody on June 22.

A little more than a month later, Jameson's defense team filed the request for an "appeal out of time," arguing that his trial judge and defense attorney misinformed or inadequately advised him about his appeal rights when he was sentenced.

Prosecutors filed a response contending that the defense has failed to show that Jameson was misinformed about the deadline to file an appeal, meaning he is still procedurally barred from seeking relief.

In his ruling Tuesday, Caputo said court records indicate Jameson's trial attorney failed to adequately inform him about his appeal options, meaning Jameson should be allowed to pursue that process beyond the legal time limit.

After the hearing Tuesday, Arnold told the Tulsa World that the defense's arguments for an "out of time" appeal revolve around a 10-day limit within which a defendant can file a motion to withdraw a plea.

"The basis was that on the transcript of the plea, and at sentencing, (Jameson) was told that he had 10 days from the day that he entered his plea ... and the law is that he would have 10 days from the day that he was actually sentenced," Arnold said.

Arnold said the next step for the defense is to file Caputo's recommendation in the Oklahoma Court of Criminal Appeals.

"They will review that and make the ultimate determination about whether he should get an opportunity to move to withdraw his plea," Arnold said.

Arianna Pickard 918-581-8413
*arianna.pickard*
*@tulsaworld.com*
*Twitter: @ari_pickard*

**Form 13.2 Affidavit in Forma Pauperis**

The Affidavit in Forma Pauperis must be in the following form: *JERRY L. MASON*

I, *Jerry L Mason* state that I am a poor person without funds or property or relatives willing to assist me in paying for filing the within instrument. I state under penalty of perjury under the laws of Oklahoma that the foregoing is true and correct.

Signed this *25* day of *July*, 20 *16* at *NFCC SAYRE OK 73660*

(Print City, County, & State)

*Jerry Mason*

(Signature of Affiant)

*Jerry L. Mason*

(Print Name)

Service provided by the IS department of the Oklahoma Court of Criminal Appeals
Email our webmaster with any of your comments or suggestions.

RECEIVED
JUL 28 2016
CLERK'S OFFICE

**IN THE DISTRICT COURT IN AND FOR TULSA COUNTY**
**STATE OF OKLAHOMA**

| | | |
|---|---|---|
| **JERRY LEON MASON,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. CF-2012-4414 |
| v. | ) | |
| | ) | **Judge William D. LaFortune** |
| **STATE OF OKLAHOMA,** | ) | |
| | ) | |
| Respondent. | ) | |

## STATE'S MOTION TO DISMISS PETITIONER'S SECOND APPLICATION FOR POST-CONVICTION RELIEF REQUESTING A RECOMMENDATION OF AN APPEAL OUT OF TIME

**COMES NOW** the State of Oklahoma, by and through Stephen A. Kunzweiler, the duly elected District Attorney of District Fourteen (14), Tulsa County, State of Oklahoma, and Stephanie A. Collingwood, Assistant District Attorney, and respectfully requests this Honorable Court to dismiss Petitioner's second application for post-conviction relief requesting a recommendation of an appeal out of time filed March 3, 2016, for failure to comply with the statutory requirements.

### STATEMENT OF THE CASE

Jerry Leon Mason ("Petitioner"), represented by counsel, entered negotiated pleas of nolo contendere to the following offenses after former conviction of a felony: First Degree Rape in violation of 21 O.S.2011, § 1115 (Counts 1 and 3); First Degree Burglary in violation of 21 O.S.2011, § 1431 (Count 2); and Forcible Sodomy in violation of 21 O.S.2011, § 888 (Count 4). On May 13, 2014, the Honorable Thomas C. Gillert accepted Petitioner's pleas, found Petitioner guilty, and sentenced him in accordance with the plea agreement to twenty-five (25) years in the custody of the Department of Corrections, with

all but the first eighteen (18) years suspended. The district court ordered all counts to run concurrently with each other. Petitioner was advised of his appeal rights.

Petitioner filed a timely motion to withdraw his pleas of nolo contendere. On June 12, 2014, a hearing was held on the motion. At the conclusion of the testimony, the Honorable Thomas C. Gillert denied Petitioner's motion. Petitioner was advised of his appeal rights. Petitioner, by and through counsel, attempted to perfect a *certiorari* appeal. However, the Court of Criminal Appeals dismissed Petitioner's appeal for the failure to timely file a Notice of Intent to Appeal and Designation of Record in the district court. *See Mason v. State*, No. C-2014-576 (Okl.Cr. Sept. 29, 2014).

On August 14, 2014, Petitioner, by and through counsel, filed his first application for post-conviction relief requesting a recommendation of an appeal out of time. Petitioner alleged that he was unable to make a decision on whether to appeal the denial of his motion to withdraw plea within the ten (10) day period, and when he did decide to appeal, it was too late. The Honorable Thomas C. Gillert denied Petitioner's request for a recommendation of an appeal out of time by Order filed November 3, 2014.

On April 5, 2015, Petitioner, *pro se*, pursued a petition for writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Northern District of Oklahoma regarding the denial of his motion to withdraw plea and the Court of Criminal Appeals' dismissal of his *certiorari* appeal. *See Mason v. McCollum*, No. 15-CV-167-GKF-TLW (N.D.Okla). As of the filing of this Motion, this action remains pending. *Id.*

On March 3, 2016, Petitioner, *pro se*, filed the instant second application for post-conviction relief requesting a recommendation of an appeal out of time. Petitioner attaches pieces of an order issued from his pending federal habeas corpus action, and his motion is

very disorganized and largely unintelligible. Petitioner directly raises or indirectly implicates the following propositions of error in support of his application:

I. Petitioner is innocent of the crimes he pled to.

II. Petitioner received ineffective assistance of counsel because counsel failed to follow the proper appellate procedure.

III. The Court of Criminal Appeals cited incorrect procedural rule set forth in Rule 4.2(D), *Rules of the Court of Criminal Appeals*, Title 22, Ch. 18, App. (2014).

### ARGUMENT AND AUTHORITY

Given the nature of Petitioner's claims, his application must be construed as his second application for post-conviction relief requesting a recommendation of an appeal out of time. However, Petitioner has failed to properly invoke this Court's authority under the Post-Conviction Procedure Act, 22 O.S.2011, § 1080 *et seq.*, because his second application does not comply with the statutory requirements. Section 1081 of the Post-Conviction Procedure Act provides that "a [post-conviction] proceeding is commenced by filing a *verified* 'application for post-conviction relief' with the clerk of the court imposing judgment if an appeal is not pending." 22 O.S.2011, § 1081 (emphasis added); *see also Dixon v. State*, 2010 OK CR 3, ¶¶ 4–7, 228 P.3d 531, 532 (vacating the district court's order recommending an appeal out of time because the petitioner failed to file a verified application for post-conviction relief). Section 1081 requires that "facts within the personal knowledge of the applicant and the authenticity of all documents and exhibits included in or attached to the application much be sworn to affirmatively as true and correct." 22 O.S.2011, § 1081. A "verified" application is one that is either notarized or given before a person authorized to administer oaths or is one that is signed under penalty of perjury as specified under 12 O.S.Supp.2004, § 426. Rule 1.13(L), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2016).

Petitioner's second application is not verified as required by the Post-Conviction Procedure Act. With this requirement unmet, a post-conviction proceeding has not properly commenced and this Court is without jurisdiction to adjudicate Petitioner's claims. 22 O.S.2011, § 1081. Therefore, Petitioner's second application should be dismissed. *See Dixon*, 2010 OK CR 3, ¶ 7, 228 P.3d at 532–33.

**WHEREFORE**, the State of Oklahoma respectfully prays that this Honorable Court will dismiss Petitioner's second application for post-conviction relief requesting a recommendation of an appeal out of time in all respects.

Respectfully submitted,

**STEPHEN A. KUNZWEILER**
**DISTRICT ATTORNEY**

By:

Stephanie A. Collingwood, OBA #31315
Assistant District Attorney
Tulsa County Courthouse
500 South Denver, Suite 900
Tulsa, Oklahoma 74103-3832
(918) 596-4805
scollingwood@tulsacounty.org

## CERTIFICATE OF MAILING

I certify that on the on the date of filing, a true and correct copy of the above and foregoing Motion was placed in the United States Mail with sufficient postage affixed thereto, addressed to:

*Petitioner, Pro Se*
Jerry L. Mason, #124786
North Fork Correctional Center
1605 East Main Street
Sayre, OK 73662

Stephanie A. Collingwood
Assistant District Attorney

# IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
## STATE OF OKLAHOMA

JERRY LEON MASON, )
                          )
        Petitioner, )
                          )
v. )
                          )
STATE OF OKLAHOMA, )
                          )
        Respondent. )

Case No. CF-2012-4414

Judge William D. LaFortune

## ORDER DISMISSING PETITIONER'S SECOND APPLICATION FOR POST-CONVICTION RELIEF REQUESTING A RECOMMENDATION OF AN APPEAL OUT OF TIME

**NOW** this day, this matter comes on for consideration of Petitioner's second application for post-conviction relief requesting a recommendation of an appeal out of time filed March 3, 2016. This Court, having reviewed Petitioner's second application, the State's Motion to Dismiss, and the docket sheet in this matter, being fully advised, finds as follows:

### STATEMENT OF THE CASE

Jerry Leon Mason ("Petitioner"), represented by counsel, entered negotiated pleas of nolo contendere to the following offenses after former conviction of a felony: First Degree Rape in violation of 21 O.S.2011, § 1115 (Counts 1 and 3); First Degree Burglary in violation of 21 O.S.2011, § 1431 (Count 2); and Forcible Sodomy in violation of 21 O.S.2011, § 888 (Count 4). On May 13, 2014, the Honorable Thomas C. Gillert accepted Petitioner's pleas, found Petitioner guilty, and sentenced him in accordance with the plea agreement to twenty-five (25) years in the custody

of the Department of Corrections, with all but the first eighteen (18) years suspended. The district court ordered all counts to run concurrently with each other. Petitioner was advised of his appeal rights.

Petitioner filed a timely motion to withdraw his pleas of nolo contendere. On June 12, 2014, a hearing was held on the motion. At the conclusion of the testimony, the Honorable Thomas C. Gillert denied Petitioner's motion. Petitioner was advised of his appeal rights. Petitioner, by and through counsel, attempted to perfect a *certiorari* appeal. However, the Court of Criminal Appeals dismissed Petitioner's appeal for the failure to timely file a Notice of Intent to Appeal and Designation of Record in the district court. *See Mason v. State*, No. C-2014-576 (Okl.Cr. Sept. 29, 2014).

On August 14, 2014, Petitioner, by and through counsel, filed his first application for post-conviction relief requesting a recommendation of an appeal out of time. Petitioner alleged that he was unable to make a decision on whether to appeal the denial of his motion to withdraw plea within the ten (10) day period, and when he did decide to appeal, it was too late. The Honorable Thomas C. Gillert denied Petitioner's request for a recommendation of an appeal out of time by Order filed November 3, 2014.

On April 5, 2015, Petitioner, *pro se*, pursued a petition for writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Northern District of Oklahoma regarding the denial of his motion to withdraw plea and the Court of Criminal Appeals' dismissal of his

*certiorari* appeal. *See Mason v. McCollum*, No. 15-CV-167-GKF-TLW (N.D.Okla). As of the filing of this Motion, this action remains pending. *Id.*

On March 3, 2016, Petitioner, *pro se*, filed the instant second application for post-conviction relief requesting a recommendation of an appeal out of time. Petitioner attaches pieces of an order issued from his pending federal habeas corpus action, and his motion is very disorganized and largely unintelligible. Petitioner directly raises or indirectly implicates the following propositions of error in support of his application:

I. Petitioner is innocent of the crimes he pled to.
II. Petitioner received ineffective assistance of counsel because counsel failed to follow the proper appellate procedure.
III. The Court of Criminal Appeals cited incorrect procedural rule set forth in Rule 4.2(D), *Rules of the Court of Criminal Appeals*, Title 22, Ch. 18, App. (2014).

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Given the nature of Petitioner's claims, this Court construes Petitioner's pleading to be his second application for post-conviction relief requesting a recommendation of an appeal out of time. However, this Court finds that Petitioner's second application for post-conviction relief is neither verified before a Notary Public or other person authorized to administer such oaths, nor verified by Petitioner pursuant to 12 O.S. § 426. *See* Rule 1.13(L), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2016). A proceeding under the Post-Conviction Procedure Act, 22 O.S.2011, § 1080 *et seq.*, is commenced by filling a **verified** application for post-conviction relief with the clerk of the court

imposing judgment. 22 O.S.2011, § 1081; *Dixon v. State*, 2010 OK CR 3, 228 P.3d 531 (emphasis added). Because Petitioner's second application is unverified, a post-conviction proceeding has not properly commenced and this Court is without jurisdiction to adjudicate Petitioner's claims.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Petitioner's second application for post-conviction relief filed on March 3, 2016, is **DISMISSED**.

**SO ORDERED** this ___20th___ day of ___July___, 2016.

**WILLIAM D. LAFORTUNE**
**DISTRICT COURT JUDGE**

# IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
## STATE OF OKLAHOMA

DARWYNE RHON HOREY, )
)
Petitioner, )
)
v. )   Case No. CF-2015-2183
)
)   Judge Sharon K. Holmes
)
STATE OF OKLAHOMA, )
)
Respondent. )

## <u>ORDER DENYING PETITIONER'S MOTION FOR TRANSCRIPTS AT PUBLIC EXPENSE</u>

Petitioner's "Motion for Transcripts at Public Expense" filed July 6, 2016, comes before this Court for consideration.

This Court finds that Petitioner has failed to establish entitlement to any relief. There is no action currently pending before this Court requiring the items requested to be provided at public expense. A bare request for materials does not allow this Court to expend State funds for their production. The Post-Conviction Procedure Act does not provide for the furnishing of transcripts for the purpose of preparing an application for post-conviction relief. *See* 22 O.S.2011 § 1080; *Tiger v. State*, 1993 OK CR 43, ¶ 3, 859 P.2d 1117.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that based upon the foregoing, Petitioner's Motion is **DENIED**.

**SO ORDERED** this __14th__ day of __July__, 2016.

_Sharon K. Holmes_
**SHARON K. HOLMES**
**DISTRICT COURT JUDGE**

## CERTIFICATE OF MAILING

I certify that on the date of filing, a true and correct copy of the above and foregoing Order was placed in the United States Mail with sufficient postage affixed thereto, addressed to:

*Petitioner, Pro Se*
Darwyne R. Horey, #148780
North Fork Correctional Center
1605 East Main Street
Sayre, OK 73662

Stephanie A. Collingwood
Assistant District Attorney

IN THE COURT OF CRIMINAL APPEALS
OF THE STATE OF OKLAHOMA

**FILED**
IN COURT OF CRIMINAL APPEALS
STATE OF OKLAHOMA

OCT 26 2016

MICHAEL S. RICHIE
CLERK

THE CLERK SHALL ENTER THE FOLLOWING ORDERS OF THE COURT:

**1**
PC-2016-643
Carter County
Case No. CF-2014-680
Honorable Wallace Coppedge
District Judge

FOUNT DUSTON v. STATE OF
OKLAHOMA -

## ORDER GRANTING *CERTIORARI* APPEAL OUT OF TIME

Petitioner requests, and the District Court recommends, that a *certiorari* appeal out of time be granted. A copy of Petitioner's Application for Post-Conviction Relief filed in the District Court seeking a *certiorari* Appeal Out Of Time is included in Petitioner's Post-Conviction Appeal Record filed with this Court. Petitioner's request for a *certiorari* appeal out of time is hereby **GRANTED**. Petitioner is directed to commence this appeal in accordance with Rules 2.1(E)(4) *et seq., Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2016). **Time periods commence on the date of this order. Petitioner's Notice of Intent to Appeal and Designation of Record, and Petition for Writ of Certiorari, shall reference this order granting Petitioner an appeal out of time.** Pursuant to Rule 3.15, *id.*, the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

CONCUR: Smith, P.J.; Lumpkin, V.P.J.; Johnson, J.; Lewis, J.; Hudson, J.

**2**
PC-2016-643
Love County
Case Nos. CF-2014-243, 244,
245, 246, 247, 248, 249,
250, 251, and CF-2015-108
Honorable Wallace Coppedge
District Judge

FOUNT DUSTON v. STATE OF
OKLAHOMA

## ORDER GRANTING *CERTIORARI* APPEAL OUT OF TIME

Petitioner requests, and the District Court recommends, that a *certiorari* appeal out of time be granted. A copy of Petitioner's Application for Post-Conviction Relief filed in the District Court seeking a *certiorari* Appeal Out Of Time is included in Petitioner's Post-Conviction Appeal Record filed with this Court. Petitioner's request for a *certiorari* appeal out of time is hereby **GRANTED**. Petitioner is directed to commence this appeal in accordance with Rules 2.1(E)(4) *et seq., Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2016). **Time periods commence on the date of this order. Petitioner's Notice of Intent to Appeal and Designation of Record, and Petition for Writ of Certiorari, shall reference this order granting Petitioner an appeal out of time.** Pursuant to Rule 3.15, *id.*, the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

CONCUR: Smith, P.J.; Lumpkin, V.P.J.; Johnson, J.; Lewis, J.; Hudson, J.

3      **PC-2016-679**                      **JERRY LEON MASON v. STATE OF**

**Tulsa County**                            **OKLAHOMA**

**Case No. CF-2012-4414**

**Honorable William D.**

**LaFortune**

**District Judge**

### ORDER DECLINING JURISDICTION

Petitioner failed to attach to the Petition in Error a certified copy of the District Court Order being appealed, as required by Rule 5.2(C)(2), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2016). As Petitioner has provided an insufficient record for review, the Court **DECLINES** jurisdiction and **DISMISSES** this matter.

CONCUR: Smith, P.J.; Lumpkin, V.P.J.; Johnson, J.; Lewis, J.; Hudson, J.

4      **PC-2016-855**                      **ROGER ALLEN COOK v. STATE OF**

**Oklahoma County**                     **OKLAHOMA**

**Case No. CF-2012-1155**

**Honorable Michele McElwee**

**District Judge**

### ORDER DECLINING JURISDICTION

Petitioner failed to attach to the Petition in Error a certified copy of the District Court Order being appealed, as required by Rule 5.2(C)(2), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2016). As Petitioner has provided an insufficient record for review, the Court **DECLINES** jurisdiction and **DISMISSES** this matter.

CONCUR: Smith, P.J.; Lumpkin, V.P.J.; Johnson, J.; Lewis, J.; Hudson, J.

5      **PC-2016-822**                      **CHARLEY HART WILSON v. STATE OF**

**Tulsa County**                            **OKLAHOMA**

**Case No. CM-2013-5993**

**Honorable Deborrah**

**Ludi-Leitch**

**Special Judge**

### ORDER GRANTING DIRECT APPEAL OUT OF TIME

Petitioner requests, and the District Court recommends, that a direct appeal out of time be granted. A copy of Petitioner's Application for Post-Conviction Relief filed in the District Court seeking a Direct Appeal Out Of Time is included in Petitioner's Post-Conviction Appeal Record filed with this Court. Petitioner's request for a direct appeal out of time is

hereby **GRANTED**. Petitioner must initiate his appeal in accordance with this Court's Rule 2.1(E)(2), *et seq., Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2016). **Time periods commence on the date of this Order. Petitioner's Notice of Intent to Appeal and Designation of Record, and Petition in Error, shall reference this order granting Petitioner an appeal out of time.** Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18. App. (2016), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

CONCUR: Smith, P.J.; Lumpkin, V.P.J.; Johnson, J.; Lewis, J.; Hudson, J.

| | | |
|---|---|---|
| **6** | **PC-2016-848**<br>**Sequoyah County**<br>**Case No. CF-2014-612**<br>**Honorable Jeff Payton**<br>**District Judge** | **JIMMY LEE LOVELL v. STATE OF**<br>**OKLAHOMA** |

### ORDER GRANTING DIRECT APPEAL OUT OF TIME

Petitioner requests, and the District Court recommends, that a direct appeal out of time be granted. A copy of Petitioner's Application for Post-Conviction Relief filed in the District Court seeking a Direct Appeal Out Of Time is included in Petitioner's Post-Conviction Appeal Record filed with this Court. Petitioner's request for a direct appeal out of time is hereby **GRANTED**. Petitioner must initiate his appeal in accordance with this Court's Rule 2.1(E)(2), *et seq., Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2016). **Time periods commence on the date of this Order. Petitioner's Notice of Intent to Appeal and Designation of Record, and Petition in Error, shall reference this order granting Petitioner an appeal out of time.** Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18. App. (2016), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

CONCUR: Smith, P.J.; Lumpkin, V.P.J.; Johnson, J.; Lewis, J.; Hudson, J.

| | | |
|---|---|---|
| **7** | **HC-2016-923**<br>**Oklahoma County**<br>**Case No. CF-2009-7108**<br>**Honorable Cindy H. Truong**<br>**District Judge** | **ERIC RAY KNOX v. DISTRICT COURT OF**<br>**OKLAHOMA COUNTY, State of Oklahoma** |

### ORDER DECLINING JURISDICTION

This Court will only entertain writs for extraordinary relief if Petitioner has sought and been denied relief in the District Court. Rule 10.1(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2016). Petitioner is required to file with this Court, among other things, a certified copy of the District Court order denying his request for relief. *See*

Rule 10.1(C)(2), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2016). Petitioner's pleading requesting extraordinary relief does not contain a copy of a trial court order or records sufficient to prove he was denied relief in the District Court. The Court **DECLINES** jurisdiction and **DISMISSES** this matter.

CONCUR: Smith, P.J.; Lumpkin, V.P.J.; Johnson, J.; Lewis, J.; Hudson, J.

| | | |
|---|---|---|
| 8 | MA-2016-924<br>Oklahoma County<br>Case No. CF-2013-6286<br>Honorable Ray C. Elliott<br>District Judge | **FRANK VINCENT WOOD, III v. THE STATE OF OKLAHOMA** |

### ORDER DECLINING JURISDICTION

This Court will only entertain writs for extraordinary relief if Petitioner has sought and been denied relief in the District Court. Rule 10.1(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2016). Petitioner is required to file with this Court, among other things, a certified copy of the District Court order denying his request for relief. *See,* Rule 10.1(C)(2), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2016). Petitioner's pleading requesting extraordinary relief does not contain a copy of a trial court order or records sufficient to prove he was denied relief in the District Court. The Court **DECLINES** jurisdiction and **DISMISSES** this matter.

CONCUR: Smith, P.J.; Lumpkin, V.P.J.; Johnson, J.; Lewis, J.; Hudson, J.

| | | |
|---|---|---|
| 9 | MA-2016-910<br>Oklahoma County<br>Case Nos. CF-2013-7552, CF-2013-7063, CF-2013-7848 and CF-2013-6286<br>Honorable Cindy Truong<br>District Judge | **FRANK VINCENT WOOD, III v. STATE OF OKLAHOMA** |

### ORDER DECLINING JURISDICTION

Rule 10.3, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2016) requires an applicant seeking extraordinary relief to serve notice on the adverse party when requesting relief from this Court. Petitioner has failed to give adequate notice to the proper party. The Court **DECLINES** jurisdiction and **DISMISSES** this matter.

CONCUR: Smith, P.J.; Lumpkin, V.P.J.; Johnson, J.; Lewis, J.; Hudson, J.

United States District
Court Western District of
Oklahoma

Jerry Leon Mason

      Petitioner,

v.

State of Oklahoma

      Respondent

      to Allow Mr. Mason a
"out of Time appeal
because he was misinformed
about his appeal Rights

      William J. Holloway, Jr.
United States Courthouse
200 NW 4th Street, Room
1210 Oklahoma City, OK
73102

"This application is sworn by me to be TRUE and correct." and signed under penalty of perjury as specified under 12 O.S. Supp. 2004, § 426. Rule 1.13(L), Rules of the Oklahoma court of criminal Appeals, Title 22, Ch.18, App. (2016).

President ~~Barack~~ Barack Obama (D. Illinsios)(2016) 1600 Pennsylvania Ave NW - Washington, DC 20500

Northern District of Oklahoma

united States District clerk's office Philip B. (Phil) Lombardi: Page Belcher Federal Bldg & U.S. Courthouse, 333 W 4th St. RM 411 - Tulsa, OK 74103

Jerry Mason
11-4-16



15CV167-GKF-Tew

Jerry Mason 124784
C. North-108
NFCC 1665 E. Main St
Sayre, Oklahoma 73662

RECEIVED

NOV 0 9 2016

Mark C. McCart, Clerk
U.S. DISTRICT COURT

Oklahoma City P&DC 73125

MON 07 NOV 2016 ᴬᴹ

Post Marked
11/7/16 ga

Northern DISTRICT OF
Oklahoma United States District
CLERK's Office Philip G. (phil) Lombardi
Page Belcher Federal Bldg & U.S.
Courthouse, 333 w.th St. RM 411-
Tulsa, Oklahoma 74103