IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| JERRY LEON MASON, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) Case No. 15-CV-0167-GKF-JFJ |
| JIMMY MARTIN,[1] | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter comes before the Court on Petitioner's amended 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 3). Petitioner challenges the judgment and sentence entered against him in Tulsa County District Court, Case No. CF-2012-4414. In that case, Petitioner entered pleas of no contest to one count of first degree burglary, two counts of first degree rape by force and fear, and one count of forcible sodomy. Respondent filed a response to the habeas petition and provided relevant state court records (Dkt. # 11). Petitioner filed a reply (Dkt. # 12). For the reasons discussed below, the Court dismisses in part and denies in part the petition for writ of habeas corpus. The Court also denies Petitioner's request for appointment of counsel and denies a certificate of appealability.

---

[1] Petitioner is in custody at the North Fork Correctional Center (NFCC) in Sayre, Oklahoma. The NFCC's current warden, Jimmy Martin is therefore substituted in place of Tracy McCollum as party respondent. See Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*. The Clerk of Court shall note the substitution on the record.

## BACKGROUND

In 2012, the State of Oklahoma charged Petitioner in Tulsa County District Court, Case No. CF-2012-4414, with one count of first degree burglary, two counts of first degree rape, and one count of forcible sodomy. Dkt. # 11-2 at 3. Represented by attorney Brian Rayl, Petitioner pleaded no contest to all four charges. Dkt. # 11-1. As a factual basis for his pleas, Petitioner proffered that he "pushed his way into [the] victim's residence, vaginally & anally penetrated her w[ith] his penis, and put his penis in her mouth all against her will in Tulsa County." *Id.* at 5. The state district court found Petitioner guilty as charged, imposed a 25-year prison sentence with all but the first 18 years suspended for each conviction, and ordered the sentences to be served concurrently. *Id.* at 5-6; Dkt. # 11-2 at 11.

Represented by Matthew Day and Isaiah Parsons, Petitioner moved to withdraw his pleas within 10 days of sentencing as required by Oklahoma law. Dkt. # 11-2 at 17; Dkt. # 11-5 at 1-2; *see* OKLA. STAT. tit. 22, § 1051; Rule 4.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2018). The state district court held an evidentiary hearing on June 12, 2014, denied the motion, and advised Petitioner of his appeal rights. Dkt. # 11-2 at 18. Through Day and Parsons, Petitioner filed a notice of intent to appeal on June 25, 2014. *Id.*; *see also State v. Mason*, Case No. CF-2012-4414, available at http://www.oscn.net/dockets (last visited July 16, 2018). Five days later, the state district court appointed an attorney from the Oklahoma Indigent Defense System (OIDS) to represent Petitioner on appeal. Dkt. # 11-3 at 2. Cindy Danner, Chief of the OIDS's General Appeals Division, moved to dismiss Petitioner's appeal without prejudice

for lack of jurisdiction, asserting that Petitioner filed his notice of intent to appeal two days late. Dkt. # 11-2 at 18; Dkt. # 11-3; *see* Rule 4.2(D), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2018) (providing 10-day period to file notice of intent to appeal from denial of motion to withdraw plea is jurisdictional and that "failure to timely file constitutes waiver of the right to appeal"). By unpublished order filed September 15, 2014, the Oklahoma Court of Criminal Appeals (OCCA) agreed the notice of appeal was untimely and dismissed the appeal for lack of jurisdiction. Dkt. # 11-4 at 2.

Before the OCCA dismissed his untimely appeal, Petitioner filed an application for post-conviction relief in state district court seeking permission to file an appeal out of time. Dkt. # 11-5; *see* OKLA. STAT. tit. 22, § 1080; Rule 2.1(E), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2018) (providing procedures for obtaining out-of-time appeal). In his application, Petitioner stated that he failed to timely file his notice of intent to appeal because "he was unable to make a decision on whether to appeal in the requisite short amount of time," and he "was not given adequate time to determine whether to appeal." Dkt. # 11-5 at 1-2. Petitioner further stated that his "attorney visited him within the ten days required, and [Petitioner] was unable to make up [his] mind at that time," but Petitioner "ultimately wanted to appeal the case." *Id.* By order filed November 3, 2014, the state district court denied Petitioner's motion to file an out-of-time appeal. Dkt. # 11-6. The court found "that Petitioner's indecision over whether to appeal from [the] court's denial of his Motion to Withdraw Plea does not constitute a unique circumstance such as to warrant the granting of an appeal out of time." *Id.* at 3. The court further found "no facts to show that the Petitioner was denied an appeal through no fault of his own." *Id.*;

3

*see* Rule 2.1(E), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2018) ("A petitioner's right to appeal [out-of-time] is dependent upon the ability to prove he/she was denied an appeal through no fault of his/her own."). Petitioner did not appeal the state district court's order denying his request for an out-of-time appeal.

Petitioner, appearing pro se, commenced this federal habeas proceeding on April 6, 2015, by filing a petition for writ of habeas corpus (Dkt. # 1). As directed by the Court, *see* Dkt. # 2, Petitioner filed an amended habeas petition (Dkt. # 3) on April 16, 2015. Petitioner alleges he is entitled to federal habeas relief on the following grounds:

> Ground One: [I]nnocent of the crime ineffective assistance of counsel Fourteenth Amendment violation
>
> Potts vs. Oklahoma defendant has been in prison before and is not allowed to have a split sentence his 25 years in and 18 years out is and [sic] illegal sentence by law under the Oklahoma statute
>
> Ground Two: Is innocent of the crime
>
> See order Case No. 15-CV-167-GKF-TLW need a lawyer appointed to this case because defendant is not cable [sic] of fight his case because DOC does not have a law library cable [sic] of helping hi[m] with this issue
>
> Ground Three: Fourteenth Sixth 8th amendment violation
>
> Case No. 15-CV-167-GKF-TLW

Dkt. # 3 at 5, 7, 8.

Almost one year after filing his federal habeas petition, on March 3, 2016, Petitioner filed a second application for post-conviction relief in state district court. Dkt. # 16 at 9. Petitioner raised three issues: (1) he is innocent, (2) he received ineffective assistance of

4

appellate counsel when counsel failed to timely file his notice of intent to appeal, and (3) the OCCA cited an incorrect procedural rule when it dismissed his appeal for lack of jurisdiction. Dkt. # 16 at 15. The state district court denied Petitioner's second application for post-conviction relief in July 2016 for lack of jurisdiction, and the OCCA dismissed his post-conviction appeal in October 2016 for lack of jurisdiction. *Id.* at 16, 20.[2]

## *ANALYSIS*

Because Petitioner is a state prisoner, the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254, governs this Court's review of his amended petition. Under the AEDPA, a federal court may grant habeas relief to a state prisoner "only on the ground that [the prisoner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In most cases, a state prisoner must file a federal habeas petition within one year of the date on which his convictions became final. *See id.* § 2244(d)(1).

Respondent concedes, and the Court finds, that Petitioner timely filed his habeas petition. Dkt. # 11 at 2. Respondent contends, however, that Petitioner is not entitled to

---

[2] After this matter was fully briefed, Petitioner filed a document entitled "statement of the case" (Dkt. # 16), and a document entitled "sub-petition" (Dkt. # 18). The "statement of the case" consists of documents related to Petitioner's second application for post-conviction relief. Dkt. # 16. The "sub-petition" is difficult to decipher. It refers to the "Dawes Roll" and the "Freedmen Roll" and appears to seek a declaration that Petitioner is a member of the Cherokee Nation. Dkt. # 18 at 1-2. It is not clear whether Petitioner filed these documents to add new claims to his amended petition. However, because Petitioner (1) filed both documents several months after Respondent filed his response brief and (2) did not seek the Court's permission to either amend or supplement his amended petition, the Court will not consider any additional claims that may be alleged in either document. *See* Fed. R. Civ. P. 15(a), (d); LCvR 9.2(c).

5

federal habeas relief because he procedurally defaulted his claims in state court and has not made the requisite showings to overcome the procedural default. *Id.* at 2-5.

As discussed below, the Court finds that some of Petitioner's claims are not cognizable on habeas review and concludes the amended petition for writ of habeas corpus shall be dismissed as to those claims. However, to the extent Petitioner states cognizable habeas claims, the Court agrees with Respondent that Petitioner procedurally defaulted those claims. The Court further agrees with Respondent that Petitioner fails to make the requisite showings to overcome the procedural default of those claims. The Court therefore concludes that the amended petition shall be denied as to Petitioner's cognizable claims.

## I. Petitioner fails to state cognizable habeas claims in Grounds Two and Three and part of Ground One

As an initial matter, the Court finds that Petitioner fails to state cognizable federal habeas claims in Grounds Two and Three and part of Ground One.

### A. "Innocence" claims (Grounds One and Two)

In Grounds One and Two, Petitioner asserts he "is innocent of the crime[s]." Dkt. # 3 at 5, 7. To the extent Petitioner seeks federal habeas relief solely on the assertion that he "is innocent," he fails to state a cognizable federal habeas claim. *See McQuiggin v. Perkins*, 569 U.S. 383, 384 (2013) (noting that the United States Supreme Court "has not resolved whether a prisoner may be entitled to habeas relief based on a freestanding actual-innocence claim"); *LaFevers v. Gibson*, 238 F.3d 1263, 1265 n.4 (10th Cir. 2001) ("[A]n assertion of actual innocence, although operating as a potential pathway for reaching otherwise defaulted constitutional claims, does not, standing alone, support the granting of

the writ of habeas corpus."). The Court therefore dismisses the innocence claims asserted in Grounds One and Two.[3]

### B. Request for counsel and adequacy of law library (Ground Two)

The remaining allegations in Ground Two are unclear. To the extent Petitioner merely requests appointment of habeas counsel, he fails to state a cognizable habeas claim. Dkt. # 3 at 7. Further, the Court declines to appoint counsel because, as discussed below, Petitioner's only cognizable claims are procedurally defaulted. *Cf. Kingyon v. Kansas*, 564 F. App'x 397, 402 (10th Cir. 2014) (unpublished)[4] (finding district court did not abuse its discretion by declining petitioner's request to appoint habeas counsel "given the meritlessness of his petition"); *Anderson v. Att'y Gen. of Kan.*, 425 F.3d 853, 861 (10th Cir. 2005) (same). To the extent Petitioner alleges he lacks access to an adequate law library, Petitioner also fails to state a cognizable habeas claim. Dkt. # 3 at 7; *see Brandenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980) (implying challenges to law library access or adequacy should be brought in civil rights action). For these reasons, the Court dismisses the remaining claims alleged in Ground Two.

### C. Factually unsupported Ground Three claim

In Ground Three, Petitioner alleges a "Fourteenth Sixth 8th Amendment violation."

---

[3] The Court considers below whether Petitioner's assertions of innocence are sufficient to overcome the procedural default of any cognizable habeas claims. *See Perkins*, 569 U.S. at 386 (holding that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations").

[4] The Court cites this decision, and any other unpublished decision herein, as persuasive authority. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Dkt. # 3 at 8. As Respondent contends, Petitioner provides no factual support for this claim. Dkt. # 11 at 3. Rather, Petitioner merely cites the case number for this habeas corpus action. Dkt. # 3 at 8. A court must liberally construe the pleadings of a pro se litigant. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, to obtain federal habeas relief, even a pro se petitioner must allege sufficient facts showing that he is in custody in violation of the Constitution, laws, or treaties of the United States. *See id.* (noting that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"); *see also Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (noting that "naked allegations" in habeas petitions are insufficient to state cognizable habeas claims); Rule 2(c)(3), *Rules Governing Section 2254 Cases in the United States District Courts* (requiring habeas petitioner to "state the facts supporting each ground" for habeas relief). Because the Court cannot "reasonably read" Ground Three of the amended petition "to state a valid claim on which [Petitioner] could prevail," *Hall*, 935 F.2d at 1110, the Court dismisses the petition for writ of habeas corpus as to Ground Three.

## II. Petitioner procedurally defaulted his remaining Ground One claims

In Ground One, Petitioner appears to allege two cognizable habeas claims. First, he alleges his sentence is "illegal" under Oklahoma law because he was not eligible for a "split sentence" given his prior incarceration. Dkt. # 3 at 5; *see Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000) (noting challenge to state court's sentencing decision may be cognizable on habeas review if "it is shown that the sentence imposed is outside the statutory limits or unauthorized by law"). Second, he appears to allege that either trial or appellate counsel was ineffective for failing to challenge his "illegal" sentence. *Id.* at 5-6

(alleging ineffective assistance of counsel, describing illegal-sentence claim, and stating he "was not giving [sic] counsel to file these [sic] issue" and "lawyer fial [sic] to raise this issue").

Respondent contends Petitioner procedurally defaulted these claims in state court "because he failed to follow proper state procedure to have the claims heard in State court." Dkt. # 11 at 3. "[A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). A state procedural rule "is independent if it is separate and distinct from federal law," and "is adequate if it is 'strictly or regularly followed' and applied 'evenhandedly to all similar claims.'" *Duvall v. Reynolds*, 139 F.3d 768, 796-97 (10th Cir. 1998) (quoting *Hathorn v. Lovorn*, 457 U.S. 255, 263 (1982)).

The Court agrees with Respondent that Petitioner procedurally defaulted his cognizable Ground One claims. Petitioner made three attempts to challenge his judgment and sentence in state courts. The state courts rejected each attempt on procedural grounds. First, the OCCA dismissed Petitioner's untimely appeal from the denial of his motion to withdraw his plea, citing a lack of jurisdiction. Dkt. # 11-4; *see* Rule 4.2(D), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2018) ("The filing of the Notice of Intent to Appeal and Designation of Record in the district court is jurisdictional and failure to timely file constitutes waiver of the right to appeal."). Second, the state district court denied Petitioner's request to file an out-of-time appeal, finding he had been advised of his appeal rights and his failure to timely appeal resulted from his own

indecision. Dkt. # 11-6 at 2-3; *see* Rule 2.1(E), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2018) ("A petitioner's right to appeal [out-of-time] is dependent upon the ability to prove he/she was denied an appeal through no fault of his/her own."). Petitioner did not appeal that decision. Third, the state district court dismissed Petitioner's second application for post-conviction relief for lack of jurisdiction, finding Petitioner failed to comply with procedures for initiating a post-conviction proceeding. Dkt. # 16 at 15-16; *see* OKLA. STAT. tit. 22, § 1081 (requiring "verified" application to initiate post-conviction proceeding); Rule 1.13(L), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2018) (explaining steps necessary to submit "verified" pleadings). The OCCA dismissed Petitioner's post-conviction appeal from that decision on jurisdictional grounds. Dkt. # 16 at 20.

In short, the state courts never addressed the merits of any claims Petitioner presented in state court because Petitioner failed to comply with state procedural rules for presenting those claims. In his reply, Petitioner appears to argue that the state courts incorrectly applied the procedural rules to the facts of his case. Dkt. # 12 at 2-4. However, he does not suggest, let alone demonstrate, that those rules are neither independent nor adequate. *Id.*; *see, e.g.*, *Routt v. Hines*, 48 F. App'x 313, 315 (10th Cir. 2002) (unpublished) (recognizing that "[t]he Oklahoma Court of Criminal Appeals has repeatedly held that the statutory rules setting time limits for filing an appeal are absolute and neither the OCCA nor the trial courts have the authority to extend them."). Thus, while Petitioner alleges two cognizable habeas claims in Ground One, Petitioner procedurally defaulted both of those claims in state courts.

In addition, Petitioner may not have exhausted his Ground One claims. The AEDPA generally "prohibits federal courts from granting habeas relief to state prisoners who have not exhausted available state remedies." *Ellis v. Raemisch*, 872 F.3d 1064, 1076 (10th Cir. 2017); *see also* 28 U.S.C. § 2254(b)(1). To satisfy the exhaustion requirement, "a federal habeas petitioner [must] provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Grant v. Royal*, 886 F.3d 874, 890 (10th Cir. 2018) (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). This means, *inter alia*, that the claim raised in the habeas petition "cannot depart significantly from" the claim raised in state court. *Id.* at 891. Here, it is not apparent from the record that Petitioner presented either his illegal-sentence claim or the same ineffective-assistance-of-counsel claim in any state court proceeding. Ordinarily, "a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." *Id.* at 891-92 (quoting *Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006)). "However, dismissal . . . is not appropriate if the state court would now find the claims procedurally barred on independent and adequate state procedural grounds." *Id.* at 892 (quoting *Smallwood v. Gibson*, 191 F.3d 1257, 1267 (10th Cir. 1999)). Rather, any unexhausted claims that the state court would find procedurally barred, should the petitioner return to state court to exhaust them, are subject to an anticipatory procedural bar and procedurally defaulted for purposes of federal habeas review. *Id.*; *see also Anderson v. Sirmons*, 476 F.3d 1131, 1140 n. 7 (10th Cir. 2007) (defining "anticipatory procedural bar"). Under Oklahoma law, a state prisoner must generally raise "[a]ll grounds for relief" in his first application for post-conviction relief; additional grounds raised in

subsequent petitions may be deemed waived. OKLA. STAT. tit. 22, § 1086. In this case, the Court finds that even if Petitioner had not procedurally defaulted his cognizable Ground One claims in state courts, those claims would be subject to an anticipatory procedural bar.

Whether procedurally barred in state courts or subject to an anticipatory procedural bar in this Court, Petitioner's cognizable Ground One claims are procedurally defaulted. As a result, the Court will not consider these claims unless Petitioner can show "cause and prejudice" or a "fundamental miscarriage of justice" to excuse the procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the State's procedural rules." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. *Id.* A petitioner is additionally required to establish prejudice, which requires showing "'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 168 (1982). The alternative is proof of a "fundamental miscarriage of justice," which requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. *McCleskey v. Zant*, 499 U.S. 467, 494 (1991).

In his reply, Petitioner argues that applying a procedural bar to his federal habeas claims would result in a fundamental miscarriage of justice because (1) he has "new evidence" to support his innocence claim, (2) his failure to appeal his convictions was counsel's fault, not his own, and (3) he was not advised of his appeal rights. Dkt. # 12 at 2-5. The Court finds no support in the record for Petitioner's arguments. First, while

Petitioner asserts he has "new evidence" of his innocence, he fails to identify any such evidence. Dkt. # 12 at 5; *see Perkins*, 569 U.S. at 394-95 ("The miscarriage of justice exception . . . applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" (alterations in original) (quoting *Schulp v. Delo*, 513 U.S. 298, 329 (1995))); *Schulp*, 513 U.S. at 316 ("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim."). Second, Petitioner's bare assertions that he was not advised of his appeal rights and that his failure to file a timely appeal was counsel's fault are not sufficient to rebut the state district court's contrary findings. Dkt. # 11-6 at 2-3; *see* 28 U.S.C. § 2254(e)(1) (providing state court's factual findings are presumed correct and must be rebutted "by clear and convincing evidence"). For these reasons, the Court finds Petitioner cannot overcome the procedural default of the two cognizable habeas claims alleged in Ground One. Thus, the Court denies the amended petition for writ of habeas corpus as to those two claims.

## *CONCLUSION*

After careful consideration of the parties' briefs and the state-court record, the Court finds that the claims alleged in Grounds Two and Three and the innocence claim alleged in Ground One are not cognizable on federal habeas review. The Court therefore dismisses the amended petition for writ of habeas corpus as to those claims. The Court finds that Petitioner alleges two cognizable habeas claims in Ground One: an illegal-sentence claim and an ineffective-assistance-of-counsel claim. However, the Court finds both claims are

procedurally defaulted and Petitioner has not made the requisite showings to overcome the procedural default. The Court therefore denies the amended petition for writ of habeas corpus as to the two cognizable habeas claims alleged in Ground One. Based on these findings, the Court also denies Petitioner's request for appointment of counsel.

### Certificate of Appealability

Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court dismisses a habeas petition on procedural grounds, without addressing the merits of any constitutional claims, the petitioner must make this showing by demonstrating both "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Because the Court finds that reasonable jurists would not debate the correctness of the Court's determinations that (1) some of Petitioner's claims are not cognizable on federal habeas review, (2) Petitioner's remaining claims are procedurally defaulted, and (3) Petitioner failed to overcome the procedural default of the latter claims, the Court denies a certificate of appealability as to all claims.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The Clerk of Court shall note the substitution of Jimmy Martin, Warden, in place of

Tracy McCollum, Warden, as party respondent.

2. The amended petition for writ of habeas corpus (Dkt. # 3) is **dismissed in part and denied in part**.

3. Petitioner's request for appointment of counsel is **denied**.

4. A certificate of appealability is **denied**.

5. A separate Judgment shall be entered in this case.

**DATED** this 19th day of July 2018.

*[signature]*
GREGORY K. FRIZZELL, CHIEF JUDGE